RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/18/08
BY ︵

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JOHN BURRELL | DOCKET NO. 07-CV-2183; SEC. P |
|---|---|
| VERSUS | JUDGE DRELL |
| CHRISSY CHATMAN, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION
### TO DISMISS SOME, BUT NOT ALL, OF PLAINTIFF'S CLAIMS

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff John Burrell, filed on December 12, 2007. Burrell is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and is currently housed at the Winn Correctional Center ("WCC"), in Winnfield, Louisiana. Plaintiff originally named as defendants Chrissy Chatman, Carl Coleman, and Corrections Corporation of America. Plaintiff was ordered to amend his complaint, and his amendment was filed on February 19, 2008.

FACTUAL BACKGROUND

Plaintiff states that on November 22, 2007, he was inside his assigned housing area. Plaintiff alleges that he reached through the prison bars to shake the hand of a fellow inmate to wish him a "Happy Thanksgiving," when the electronically controlled emergency fire/smoke door began to close. [Docs. #1-1, 3-2] Plaintiff's left arm became trapped, and the force of the door caused a clean break of Plaintiff's ulna bone. Plaintiff's arm was ultimately

released when Chatman finally reversed the door using the electronic controls.

Plaintiff claims that Defendant Chatman chose to close the emergency door despite there being no emergency situation, which would have required the doors to be closed. Plaintiff claims that Chatman's action was deliberate and retaliatory. [Doc. #3-2, p.1; Doc. #8] Plaintiff alleges that Chatman acted in retaliation for Plaintiff throwing rocks at another female staff member who is a close friend of Defendant Chatman.

## LAW AND ANALYSIS

### I. SUPERVISORY DEFENDANT & CCA

In his initial complaint, Plaintiff named "shift supervisor" Carl Coleman as a defendant. Plaintiff was advised by the Court that "[w]ell settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions." Mouille v. City of Live Oak, Tex., 977 F.2d 924 (5th Cir. 1992)(citing Monell v. Department of Social Services, 436 U.S. 658, 691-95 (1978); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (per curiam)). Plaintiff was instructed that, to the extent that he sought to name a supervisory official as a defendant, he must amend his complaint to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

Additionally, Plaintiff had named Corrections Corporation of

America ("CCA") as a defendant. Plaintiff was advised that, like a supervisory official, a private prison-management corporation may not be held liable under § 1983 based on a respondeat superior theory. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003); Monell, 436 U.S. at 694, n. 58. Thus, Plaintiff was advised that he must show that CCA has an official custom or policy that could subject it to liability under § 1983. See Monell, 436 U.S. at 694.

Plaintiff was ordered to amend his complaint to specify additional facts or to dismiss those defendants/claims that co7uld not be cured through amendment. Plaintiff filed an amended complaint wherein he only listed Crissy Chatman as a defendant. Plaintiff did not refer to either Carl Coleman or CCA in the amended complaint and provided no factual allegations whatsoever regarding those defendants. Based on the Amended Complaint filed by Plaintiff and the law regarding supervisory liability and liability of CCA discussed herein and in the Memorandum Order, it is clear that Plaintiff's claims against Carl Coleman and CCA should be dismissed as frivolous.

II. MEDICAL CARE

Plaintiff initially mentioned in his Complaint that Chatman ignored his pleas for medical attention. Plaintiff was ordered to amend his complaint to properly allege whether he was denied medical treatment, when he received medical treatment, and what

3

treatment he ultimately received. Plaintiff neglected to address this issue in his amended complaint.

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court stated, "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm," and that "jail officials acted or failed to act with deliberate indifference to that risk," which requires actual knowledge and deliberate disregard. See Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

Plaintiff has failed to allege any facts regarding his medical care, or the denial thereof. As such, his medical care claim should be dismissed.

III. ACCESS TO COURTS

Plaintiff claims that "prison officials" have interfered with his ability to access the courts. The only individuals named as Defendants in the original complaint were Chatman and Coleman, but Plaintiff did not provide allegations in that complaint alleging how either of those defendants prevented him from accessing the

4

courts. Plaintiff was ordered to amend his complaint to provide a description of what each defendant did to violate Plaintiff's right to access the Court and a description of the alleged injury sustained as a result of the alleged violation. Again, Plaintiff declined to address this issue in his amended complaint. The Court also notes that Plaintiff was able to timely file the instant complaint less than one month from the date of the incident. Therefore, it is evident that Plaintiff's claim regarding access to the courts should be dismissed.

IV. THREATS

Plaintiff initially complained of threats and harassment by prison officials, which cause him to live in fear for his life. Plaintiff was informed in the Memorandum Order that verbal threats, without more, do not support a claimed constitutional violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). Again, Plaintiff neglected to address this issue in his amended complaint. Plaintiff has failed to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that all of Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and/or failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii), **except for his**

**excessive force and retaliation claims against Chrissy Chatman**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _18_ day of _March_, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE